**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-000126-HBB**

**STEPHANIE JEAUX DE VINE BARNHOUSE**                **PLAINTIFF**

**VS.**

**ANDREW SAUL, Acting
Commissioner of Social Security**                                  **DEFENDANT**

## **AMENDED MEMORANDUM OPINION AND ORDER**

### BACKGROUND

Before the Court is the complaint (DN 1) of Stephanie Jeaux de Vine Barnhouse seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Barnhouse has filed a Motion for Summary Judgment (DN 14). The Commissioner has filed a Fact and Law Summary (DN 19). For the reasons that follow, the undersigned orders that judgment be granted for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered December 20, 2019 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Barnhouse filed an application for a period of disability and disability insurance benefits on March 7, 2016 (Tr. 238-39). She also filed an application for supplemental security income on July 21, 2016 (Tr. 240-48). In both applications, Barnhouse alleged she became disabled on March 7, 2016 as a result of fatigue due to thyroid tumors, COPD, PTSD, and Depression (Tr. 259). Administrative Law Judge Koren Mueller ("ALJ") conducted a hearing on May 15, 2018 via video conference presiding from St. Louis, Missouri. Barnhouse appeared in Bowling Green, Kentucky and was represented by Patrick House. Also testifying via telephone was Roxanne Benoit, an impartial vocational expert

In a decision dated September 6, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-25). At the first step, the ALJ found Barnhouse has not engaged in substantial gainful activity since March 7, 2016 the alleged onset date (Tr. 17). At the second step, the ALJ determined that Barnhouse's Post Traumatic Stress Disorder, Major Depressive Disorder, and Generalized Anxiety Disorder are "severe" impairments within the meaning of the regulations (Tr. 17). At the second step, the ALJ also determined that Barnhouse's obesity and hypothyroidism are "non-severe" impairments within the meaning of the regulations (Tr. 18). At the third step, the ALJ concluded that Barnhouse does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 19).

At the fourth step, the ALJ found Barnhouse has the residual functional capacity to perform a full range of work at all exertional levels with some restrictions (Tr. 21). Relying on testimony

from the vocational expert, the ALJ found that Barnhouse is unable to perform any of her past relevant work (Tr. 24).

The ALJ proceeded to the fifth step where he considered Barnhouse's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 24-25). The ALJ found that Barnhouse is capable of performing a significant number of jobs that exist in the national economy (Tr. 24). Therefore, the ALJ concluded that Barnhouse has not been under a "disability," as defined in the Social Security Act, from March 7, 2016 through the date of the decision (Tr. 25).

Barnhouse timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 237). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964

F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Barnhouse's request for review of the ALJ's decision (Tr. 1-6). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

    1)       Is the claimant engaged in substantial gainful activity?

    2)       Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

    3)       Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

    4)       Does the claimant have the residual functional capacity to return to his or her past relevant work?

    5)       Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Barnhouse's claim at the fifth step.

1. Step Two

Barnhouse first argues that the ALJ committed reversible error by failing to identify her degenerative disc disease and accompanying neck and back pain as severe impairment. She contends the ALJ, and the state agency examiners she relied on, ignored medical evidence that "conclusively establishes" the presence and severity of her degenerative conditions. Barnhouse acknowledges that Sixth Circuit precedent holds that failure to identify a particular impairment at step two is considered harmless error if the ALJ identifies some severe impairments, proceeds with the sequential evaluation process, and considers the contested impairment when determining the claimant's RFC. See Mariaz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987). However, she argues her case is distinguishable from Mariaz, because here the ALJ

identified only severe mental impairments and no physical impairments, leading to an erroneous RFC with only non-exertional limitations (DN PageID # 652).

The Commissioner responds in opposition arguing that substantial evidence supports the ALJ's finding that Barnhouse suffers from certain mental impairments, but no physical impairments. The Commissioner points out that it is Barnhouse's burden to prove she is impaired, and she failed to provide sufficient objective medical evidence to prove her degenerative disc disease is a severe impairment (DN 19 PageID 672).

At the second step in the sequential evaluation process a claimant must demonstrate she has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden, the claimant must show she suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement and "significantly limits" her ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863. Alternatively, the claimant must show she suffers from a combination of impairments that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii) and (c). [A]n impairment can be considered not severe only if it is a slight abnormality that minimally effects work ability, regardless of age, education and work experience. Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988) (citing Farris v. Sec'y of Health & Human Servs., 773 F.2d 85, 89-90 (6th Cir. 1985)).

To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. §§ 404.1508, 416.908; Social Security Ruling

6

96-4p, 1996 WL 374187, at *1 (July 2, 1996); Social Security Ruling 96-3p, 1996 WL 374181, at *2 (July 2, 1996). Symptoms and subjective complaints alone are insufficient to establish the existence of a "medically determinable" physical or mental impairment. Social Security Ruling 96-4p, 1996 WL 374187, at *1. The severity regulation may be employed by the Commissioner as an administrative convenience to screen out claims that are totally groundless solely from a medical standpoint. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).

Here, the ALJ considered the medical evidence in the record and concluded it does "not support the claimant's allegations of severe physical impairments or limitations, particularly as of her alleged onset date" (Tr. 18). The ALJ cited a July 5, 2015 CT scan of the claimant's abdomen that indicated no acute finding; a July 20, 2015 chest x-rays indicating minimal pulmonary scarring; a CT scan of the lumbar spine that was negative; a CT scan of Barnhouse's head that was within normal limits, indicated no acute infraction or tumor evidence; December 5, 2015 x-rays that indicated no evidence of fracture or dislocation of the right elbow; and April 13, 2016 chest x-rays that indicated no acute intrathoracic disease (Tr. 18). Importantly, the ALJ also recognized two state agency physicians, Samuel Sullivan and Diosado Irlandez, examined Barnhouse's medical records and found no evidence that Barnhouse suffers from a severe physical impairment (Tr. 18).

Barnhouse contends "the ALJ and the state agency examiners essentially ignored any objective findings" in her favor. The undersigned disagrees with that characterization, it is clear from the ALJ's decision she fully considered the medical evidence in the record. It also reflects a misunderstanding of this Court's role. A federal district court may only reverse an ALJ's decision if it is not supported by substantial evidence or misapplies social security regulations.

"Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). It is clear that substantial evidence supports the ALJ's finding that Barnhouse does not suffer from a severe physical impairment. The scant evidence suggesting otherwise provided by Barnhouse is not enough to warrant a reversal.

2. Subjective Complaints

Barnhouse next argues that the ALJ erred when assessing her subjective complaints (DN 14 PageID # 653). Barnhouse contends the ALJ omitted relevant and probative evidence corroborating her claims of disability and erroneously dismissed her subjective statements with a conclusory statement that they were not consistent with the medical record. The Commissioner disagrees, arguing the ALJ reasonably considered objective imaging and other evidence in the record when assessing Barnhouse's credibility. He asserts the ALJ's decision is supported by substantial evidence and should not be disturbed (DN 19 PageID # 681-82).

In assessing a claimant's residual functional capacity the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 16-3p. A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain or other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a).

In determining whether a claimant suffers from debilitating pain or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. When, as in this case, the reported pain or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

An ALJ's assessment of a claimant's subjective allegations is accorded great weight and deference because the ALJ has the ability to observe a witness' demeanor. If the ALJ supports her decision with substantial evidence, complies with Social Security regulations, and gives specific reasons that are supported by the record a district court should affirm the ALJ's credibility findings. See 20 C.F.R § 404.1529; SSR 16-3p.

The ALJ may consider several factors when assessing a claimant's credibility. Most important is the objective medical evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4). It is clear from the ALJ's opinion that she fully considered the medical evidence in the record. As discussed above, the ALJ explained that the objective medical evidence in the record did not support Barnhouse's claim that she suffered from a severe physical impairment. The bulk of the medical imaging showed only mild impairments to Barnhouse's physical condition (Tr. 18). It

9

stands to reason that such a mild diagnosis is inconsistent with Barnhouse's statements concerning the "intensity, persistence and limiting effect" of her symptoms (Tr. 18). Notably, Barnhouse does not point to specific medical evidence that supports her testimony or her claim that she has a severe physical impairment. Rather, she relies wholly on conclusory statements (DN 14 PageID # 653).

An ALJ should also consider a claimant's level of daily activity when determining the extent to which pain is of disabling severity. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (As a matter of law, the Administrative Law Judge may consider household and social activities in evaluating complaints of disabling pain.). Barnhouse's testimony about her daily activity supports the ALJ's decision. She testified that she experiences pain in her lower back and right ankle and arch. This pain stems from injuries suffered as a child (Tr. 43). The ALJ correctly pointed out Barnhouse has dealt with this pain and worked for most of her adult life.

Further, Barnhouse testified that she is able to sit for 30 minutes at a time, can stand comfortably for 30 minutes at a time, and can lift between 20-25 pounds. She does not point to any evidence in the record that supports this testimony. The ALJ found from the medical record and Barnhouse's testimony that she does not suffer pain to the extent she testified. In the absence of detailed corroborating evidence of Barnhouse's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain and other symptoms is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of the Administrative Law

Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Barnhouse's credibility are supported by substantial evidence and fully comport with applicable law, including the regulations for evaluating consultative and treating physician's opinions and pain. See 20 C.F.R. §§ 404.1519a-p, 404.1527, 404.1529, 416.919a-p, 416.927, 4416.929.

  3. Residual Functional Capacity

Finally, Barnhouse argues that the ALJ erred when determining her residual functional capacity. Barnhouse again contends that the ALJ "arbitrarily" highlights medical imaging that revealed negative or minimal findings but ignored objective findings in her favor. She dismisses the ALJ's reliance on state agency examiner opinions because they "are flawed for the same reasons" as the ALJ's opinion (DN 14 PageID # 655).

The Commissioner argues that the ALJ's RFC determination is supported by substantial evidence. He contends the ALJ fully considered the evidence and supported her decision with substantial evidence from the record. He adds that the ALJ is not required to discuss all evidence in the record, and a failure to cite specific evidence in the record does not indicate that it was not considered (DN 19 PageID # 677 citing Simons v. Barnhart, 114 F. App'x 727, 733 (6th Cir. 2004).

Barnhouse's argument is without merit. First, the ALJ fully considered the record throughout her decision. The ALJ based her RFC determination on objective medical evidence that produced benign or mild physical impairments (Tr. 18). The ALJ also relied on two State Agency physician opinions who came to the same conclusion—Barnhouse does not suffer from

any severe physical impairment (Tr. 18).   Barnhouse claims she should be limited to light work, but cites no evidence except her own testimony to support her decision (DN 14 PageID # 654).

It is Barnhouse's burden to provide medical evidence to support a decision of disabled.  She has not met her burden.   The ALJ was not required to cite every bit of evidence in the record.  An ALJ's decision should be read as a whole.   See <u>Hill v. Comm'r of Soc. Sec</u>., 560 F. App'x 547, 551 (6th Cir. 2014). The ALJ fully considered the medical evidence available and concluded that Barnhouse does not suffer from any physical limitations.   Again, Barnhouse's argument that the ALJ did not consider evidence more favorable to her argument misunderstands the role of this Court.   The ALJ supported her decision with substantial evidence, therefore this Court may not overturn that decision.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Judgment is entered for the Commissioner.

June 1, 2020

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:        Counsel